[Civ. No. 6053. First Appellate District, Division Two.—December 7, 1927.]

GAS APPLIANCE SALES CO., INC. (a Corporation), Appellant, v. W. B. BASTIAN MANUFACTURING CO. (a Corporation), Respondent.

302

Frank M. Carr, Stanley R. Sterne and Richard Liebman for Appellant.

Frank P. Doherty and R. A. Carter for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from an order granting a change of venue from Alameda County to Los Angeles, which is the place of residence of the defendant corporation.

Both appellant and respondent are California corporations. The residence and principal place of business of the former party is at Oakland, Alameda County, California, and the latter is at the city of Los Angeles. A written agreement between the parties purports to have been executed in Alameda County November 13, 1923, the introductory paragraph of which reads: "Agreement made this 13th day of November, 1923, in the city of Oakland, County of Alameda, State of California, etc." By the terms of this agreement the respondent corporation appointed appellant corporation "exclusive sales agent for the sales of the Majestic, California, and Universal Automatic Water Heaters," for all the northern counties of California, for the term of five years. The contract provided that appellant should purchase from respondent not less than 1,200 heaters for the first year, 2,500 per year for two succeeding years and 3,600 each year thereafter, at specified prices payable f. o. b. on cars at Los Angeles. Respondent reserved the right to cancel the contract for failure to purchase the specified number of heaters.

April 9, 1925, appellant filed a complaint in Alameda County, setting forth a copy of the contract, and alleging that the appellant's principal place of business, as well as the place where the contract was to be performed, and where it was violated, was at Oakland, Alameda County; that respondent was engaged in manufacturing said heaters at the city of Los Angeles; that appellant had organized his

territory, employed salesmen and advertised said water heaters throughout his district, and had at all times performed the conditions of said contract on its part, but that the respondent had broken the contract by refusal to sell or ship said heaters pursuant to their agreement, and by selling large numbers of said heaters to persons residing in said territory, other than appellant, to its damage in the sum of $8,000.

May 9, 1925, respondent filed in the superior court of Alameda County, in due form, its motion for change of the place of trial to the city and county of Los Angeles, which motion was supported by proper affidavits alleging that the residence and principal place of business of respondent, as well as the place where said heaters were manufactured, was, at all times, at Los Angeles; that said contract was in fact drafted at Oakland on the date which it bears, but that it was then turned over to Wm. B. Bastian, the president of said corporation, for approval, and was taken by him to Los Angeles, where it was finally accepted, approved, executed on the part of respondent, and then mailed to appellant from Los Angeles on November 19, 1923; that appellant violated this contract in that during the first year of its term, appellant failed to order or purchase more than 981 heaters, and for the first four months of the succeeding year, it failed to order more than 200 heaters; that on March 18, 1925, respondent notified appellant of said breach of contract, and thereupon canceled the agreement.

Appellant objected to that part of respondent's affidavit which contradicted the caption of the agreement reciting that the contract was made and executed at Oakland, October 13, 1923, on the ground that it varied the terms of a written instrument. Appellant also contends that the evidence shows that the breach of contract occurred in Alameda County, and not in Los Angeles.

The court may change the place of the trial of a cause when the county designated in the complaint is not the proper one. (Code Civ. Proc., sec. 397.) The constitution of California, article XII, section 16, provides: "A corporation or association may be sued in the county where the contract is made, or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation

is situated, subject to the power of the court to change the place of trial as in other cases.''

■ The affidavit of Wm. B. Bastian, president of the respondent corporation, is uncontradicted with respect to its residence and principal place of business, and is therefore conclusive in that regard. The time and place for the consummation of a contract is the place where, and the time when, the last act necessary to complete its validity, is performed. (*Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198 [188 Pac. 1023].) With respect to the place where the contract was made, or where it is to be performed, the caption of the agreement and the allegation of the affiant, Bastian, are in conflict. The former recites that the contract was made ''this 13th day of November, 1923, in the city of Oakland, Alameda county,'' while affiant for respondent declares that it was drafted at Oakland, but taken to Los Angeles for approval, where it was finally accepted, executed and mailed to appellant from Los Angeles November 19, 1923. If the date and place of execution of the contract may be disputed by extrinsic evidence, it would then satisfactorily appear that the contract was in fact finally consummated at Los Angeles, and not at Oakland, as it purports to have been done. At least, where such a conflict exists, it must be resolved in favor of the judgment of the trial court. It is a disputable presumption that a writing is truly dated, and the date may therefore be controverted by other evidence. (Code Civ. Proc., sec. 1963, subd. 23.) While the place of execution designated in a contract is *prima facie* the location where it is made, this may be rebutted by other evidence. The term ''date'' as it is used in section 1963, subdivision 23, of the Code of Civil Procedure, includes both the time and the place when and where the written instrument is deemed to have been made. (*Hammond* v. *Ocean Shore Dev. Co.*, 22 Cal. App. 167 [133 Pac. 978]; 17 C. J. 1130, sec. 2; 1 Bouvier's Law Dictionary, 3d Rev., 756.) In the case of *Loud* v. *Collins*, 12 Cal. App. 786, 789 [108 Pac. 880], it is said: ''The place where the contract was written, dated or signed, does not necessarily fix or determine the place where it was executed. Delivery of the instrument is the final act essential to its consummation as an obligation. (Civ. Code, sec. 1626.) The place of delivery is the place of execution, and in the absence

of matters constituting an estoppel, this fact may be established by parol evidence, notwithstanding the venue of the instrument. Such designation is *prima facie* evidence only of the fact, when disputed.'' ██ The conclusive presumption of the truth of facts recited in a written instrument, between the parties thereto, as declared by the provisions of section 1962, subdivision 2, of the Code of Civil Procedure, has reference only to the essential facts therein contained, which are necessary to determine the obligations or liabilities of the contracting parties (*Osborne* v. *Endicott*, 6 Cal. 149 [65 Am. Dec. 498]; *Ingersoll* v. *Truebody*, 40 Cal. 603, 610; *Moffatt* v. *Bulson*, 96 Cal. 106, 110 [31 Am. St. Rep. 192, 30 Pac. 1022]; *Rhine* v. *Ellen*, 36 Cal. 362, 370), and does not preclude the contradiction of the unessential designation of the mere time and place of the execution of the contract by extrinsic evidence. ██ Although a contract may purport to have been executed in one county, upon competent evidence that it was in fact approved, executed, and mailed by one of the contracting parties, from another county, and that it was not finally accepted or executed until the mailing thereof, the contract will be deemed to have been consummated and become binding at the time and place where the last act necessary to its validity was performed. Under such circumstances the delivery would be determined by the time and place where and when the document was mailed to the party entitled thereto, with the proper address affixed and the postage prepaid. (*Ivey* v. *Kern County Land Co.*, 115 Cal. 196 [46 Pac. 926]; *Michelin Tire Co.* v. *Coleman Co.*, 179 Cal. 598 [178 Pac. 507]; *Swann-Day Lumber Co.* v. *Cornett*, 161 Ky. 98 [170 S. W. 516].)

The cases relied upon by appellant in support of its contention that the affidavit of respondent was incompetent to dispute the time and place designated in the contract as the location of its execution have reference only to matters essential to the determination of the liabilities of the contracting parties in the respective cases. *Knoch* v. *Haizlip*, 163 Cal. 154 [124 Pac. 998], involved the acknowledgment contained in a written agreement between the parties litigant, of the ownership of certain lots of land, which the court properly refused to permit the contradiction of by extrinsic evidence. *Moore* v. *Gould*, 151 Cal. 729 [91 Pac.

616], held that the recital in a contract between the parties, which acknowledged the extension of time for the instituting of an action upon a promissory note and mortgage, could not be disputed. *Pierce* v. *Whiting,* 63 Cal. 538, was a suit upon an undertaking for attachment. It was there held that the recital in the bond as to the issuing of the writ, together with the attachment and subsequent release of the property were binding on the parties to the undertaking. These were essential matters affecting the very validity and liability under the bond. *Waldrip* v. *Black,* 74 Cal. 411 [16 Pac. 226], was a suit to foreclose a mortgage given by defendant to secure plaintiff harmless on account of his indorsement of a certain note as a mere surety. The due execution of the mortgage was not controverted and was therefore admitted. Neither the date nor the place of execution was involved. Merely the essential recitals of the mortgage were deemed to be indisputable in that case. *Shaw* v. *Caldwell,* 16 Cal. App. 9 [115 Pac. 941], involved the construction of an agreement with respect to the development of a mine. It was there held that the recitals of the contract regarding the ownership of the mine were conclusive as between the parties. The merits of this case depended entirely upon the ownership of the mine, and this was therefore an essential recital. So, also, *Borland* v. *Borland,* 56 Cal. App. 642 [206 Pac. 478], cited by appellant, was a suit upon a written contract guaranteeing the payment of alimony awarded in a divorce suit previously tried and determined. It was there held that recitals in this contract to the effect that the guaranty was based upon a valuable consideration, and that the decree of divorce had been previously obtained, were binding on the parties, and barred them from now disputing these facts, for the reason that these matters had been determined in a former action and were therefore *res adjudicata.* The court said: "Our conclusion that the validity of the contract between the parties was conclusively settled . . . in the former action, disposes of the only real question on this appeal."

The uncontradicted evidence in the instant case shows that the breach of contract, chiefly relied upon, occurred in Los Angeles County, for that is where the water heaters were manufactured and sold, which is the subject matter of the contract sued upon. The allegations of the

complaint contain nothing to the contrary. The case of *Byrum* v. *Stockton C. H. & A. W.*, 91 Cal. 657 [27 Pac. 1093], presented a similar situation. In that case the plaintiff bought a combination harvester from the defendant, with a guaranty that the machine would satisfactorily cut and harvest grain. The defendant's principal place of business was at Stockton, where the contract of sale was made, and from which point the machine was shipped to Stanislaus County. A suit for damages was commenced in Stanislaus County for breach of contract. The complaint alleged that the machine was unfit to perform the work of harvesting according to the guaranty. A motion for change of venue was denied. On appeal to the supreme court, Mr. Justice Temple said: "It is quite immaterial whether the corporation did business in Stanislaus county, if the contract was not made or was not to have been performed there. The affidavit of the moving party is positive to the effect that the contract, the breach of which is the subject of the action, was made in San Joaquin county. This fact is not controverted in the complaint, but it is there stated that the breach occurred in Stanislaus county. This is, however a mere legal conclusion, probably drawn by the pleader from the fact that the failure of the machine to perform, was in that county. . . . It is not stated on either side where the machine was delivered to plaintiff, but as the sale was at Stockton, defendant's principal place of business, the presumption is that it was delivered there. If the machine was as charged, wholly inadequate to perform according to the guaranty, the breach was there and then, and not when it failed to perform on plaintiff's farm in Stanislaus."

It is true that the complaint in this case charges defendant with a breach of contract not only in refusing to sell and ship to plaintiff water heaters, when ordered pursuant to said contract, but also accuses defendant with alleged sales of water heaters to persons residing in said district in northern California, other than appellant, and of appointing other agents in said district who were authorized to sell said heaters. But all these alleged acts, if unwarranted, constituted a violation of the contract which was to be performed at Los Angeles. Moreover, the complaint is extremely vague and indefinite as to these alleged violations of the contract. It is averred that these sales of heaters

were made at times "the exact dates whereof plaintiff does not now remember." Neither the names of individuals to whom heaters are alleged to have been sold, or who are alleged to have been appointed agents for respondent, are mentioned, nor is the time of these alleged violations of contract stated. On the contrary, the affidavit of Mr. Bastian, in behalf of respondent, alleges that all sales of said heaters were made f. o. b. at Los Angeles; that for failure on the part of appellant to purchase said heaters according to the terms of the contract, the respondent rescinded said contract in writing on March 18, 1925, and notified appellant that it refused to ship further heaters under said contract. The evident inference from the affidavits on file is that whatever sales or appointment of agents respondent made, if any, in conflict with the contract involved in this case, were made after its purported rescission of contract on March 18, 1925. There is no evidence to the contrary. Moreover, this is not an action for damages for the sale of heaters in Northern California to individuals other than appellant, but rather an action for damages for breach of a specific contract, the performance of which was at Los Angeles, and not elsewhere.

While it is true that a corporation moving for a change of the place of trial to the location of its principal place of business sustains the burden of showing that the contract upon which the action was instituted was neither executed, required to be performed, nor violated at the place where the action was commenced (*Lakeside Ditch Co.* v. *Packwood Canal Co.*, 50 Cal. App. 296 [195 Pac. 284] ; *Chase* v. *South Pacific Coast R. Co.*, 83 Cal. 468 [23 Pac. 532] ; 25 Cal. Jur. 910, sec. 42; 2 Bancroft's Code Pleading & Remedies, 1457, sec. 1014), nevertheless, mere conclusions or indefinite statements of a pleader will not suffice to create a *prima facie* case entitling one to maintain an action at a county other than that of the residence of the defendant. In *Griffin & Skelly Co.* v. *Magnolia F. C. Co.*, 107 Cal. 378 [40 Pac. 495], it is said: "If a plaintiff would avail himself of a privilege given by the exception to the general rule, he must bring himself clearly within the exception." And in 25 California Jurisprudence, at page 910, it is said: "The right of a plaintiff to have an action tried in a county other than that in which the defendant has his resi-

dence is exceptional, and if the plaintiff would claim such right he must frame his pleadings in such a manner as to bring himself within the terms of the exception." (*Hammond* v. *Ocean Shore Dev. Co.*, 22 Cal. App. 167 [133 Pac. 978].) **[6]** Where the evidence on motion for a change of venue is conflicting with respect to the residence of the defendant, the place of the performance of the contract, or the violation thereof, the judgment will not be disturbed on appeal. (25 Cal. Jur. 911, sec. 43.)

From the evidence in this case it satisfactorily appears that the residence and principal place of business of the defendant was at Los Angeles; the contract involved was made and was to be performed there, and not elsewhere; all sales and payments for heaters were made at this place; the breach of contract, on the part of respondent, if any, followed the rescission of the agreement which also occurred at this place; the *situs* of the basis for the acts complained of was at Los Angeles, and not in Alameda County.

For the foregoing reasons the order is affirmed.

Sturtevant, J., and Koford, P. J., concurred.