[Civ. No. 8816. Third Dist. July 3, 1956.]

RUTH MITCHELL, Appellant, v. H. P. GRIFFIN, Respondent.

*Assigned by Chairman of Judicial Council.

Price & Morony for Appellant.

Kruger & McMahon for Respondent.

VAN DYKE, P. J.—This is an appeal from an order granting a motion for a change of venue from the county of Tehama to the county of Sonoma.

Appellant brought the action in the county of Tehama, seeking recovery of a money judgment against respondent in the sum of $4,569.36. The complaint is in three counts. The first count alleges that defendant became indebted to plaintiff upon an open book account for turkey eggs sold and delivered by plaintiff to defendant. The second count alleges that defendant became indebted to plaintiff upon an express oral contract, whereby he agreed to purchase from plaintiff, and plaintiff agreed to sell to him, from time to time, turkey eggs as ordered. The first count alleges that the obligation therein sued on was incurred in the county of Tehama; the second count alleges that the contract therein sued on was made in the county of Tehama. The complaint is verified. The third cause of action is a common count for money had and received. The same recovery is sought in each of the three counts, and the prayer is for a single judgment in the amount sued for in each count. The third count is silent as to where the alleged indebtedness was incurred, but it is obvious that each of the three counts is based on the same transactions, that they are not to be considered as different causes of action but as alternative methods of pleading the plaintiff's single right to recover. (*Maselli* v. *E. H. Appleby & Co., Inc.*, 117 Cal.App.2d 634, 637 [256 P.2d 618].)

 The respondent made a motion for a change of venue to the county of his residence. It is not disputed that at all times mentioned in the complaint the respondent did reside in the county of Sonoma. He further averred that although he visited plaintiff Ruth Mitchell in her home in Tehama County on one or two occasions during the fourteen years of his residence in Sonoma County, no contract or agreement either oral or written was entered into, made, or incurred in Tehama County; that he "never at any time agreed to pay to plaintiff in the county of Tehama the sum of $4,569.36 or any other sum"; and further that he had "never agreed to perform the obligation sued upon in Tehama County or any County other than the County of Sonoma." A counteraffidavit was filed by counsel for plaintiff, which contained the following averments: "That the agreement, the subject matter of said complaint, was made in Tehama County; that the defendant, H. P. GRIFFIN, personally came to plaintiff's ranch west of the Town of Corning, in Tehama County, California, and interviewed plaintiff personally and submitted to plaintiff a list of customers that he desired to purchase eggs for and requested plaintiff to ship said eggs directly to said customers for his, said defendant's, account from Tehama County; that plaintiff agreed to furnish said eggs and to ship the same at said defendant's directions in Tehama County; that at said time and place said defendant agreed to pay for said eggs so shipped to said plaintiff in Tehama County upon invoice; that said defendant did from time to time pay plaintiff on account for eggs shipped pursuant to said agreement; that said payments were made to plaintiff in Tehama County." When the motion was called for hearing, counsel for defendant requested the right to present oral testimony. Counsel for plaintiff objected thereto, and the request was denied on assurance that the testimony proffered would be the same as in the affidavits, that is, that the contract was not made in Tehama County. Under such circumstances the affidavits must be treated as sufficient to raise the issues of fact as to which county was the county in which the contract was made. Neither side claimed that there was a written contract.

 In *Dawson* v. *Goff*, 43 Cal.2d 310, 315 [273 P.2d 1], it was stated:

"The obligation is incurred at the time the contract is made and the obligations under it arise and are incurred in the county in which it is made. Under the section

[Code Civ. Proc., § 395] the county where the contract is made is deemed to be the county where it is to be performed unless there is a special contract in writing to the contrary. The counties in which an action on the contract may be tried are two, that of defendant's residence or where the contract is made, unless there is a special contract in writing to the contrary.''

The affidavits filed by the parties, largely conclusional, as they are, are yet factually in conflict. It is well settled that under such circumstances it is the province of the trial court to resolve the conflict, and the finding of the trial court will not be disturbed on appeal. (*Crofts & Anderson* v. *Johnson,* 101 Cal.App.2d 418 [225 P.2d 594]; *Hale* v. *Bohannon,* 38 Cal.2d 458 [241 P.2d 4].) Here, the trial court impliedly found the contract not to have been made in Tehama County. Therefore, appellant did not begin her action in the county where the contract was made and respondent was entitled to have the venue changed to the county of his residence.

The judgment is affirmed.

Schottky, J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.