[Civ. No. 5787.   Fourth Dist.   Dec. 22, 1958.]

M. DURAN et al., Respondents, v. HOWARD LYNN et al., Appellants.

Charles Chorna for Appellants.

Frank E. Carleton for Respondents.

SHEPARD, J.—Plaintiffs filed this action in Riverside County and alleged the delivery to defendants of farm produce from plaintiffs' ranch in Riverside County for resale by defendants as commission merchants for the account of plaintiffs, and that there is a balance of unpaid indebtedness therefor due to plaintiffs.

The complaint also alleges the execution of a crop mortgage and a deed of trust on said lands to secure advances from defendants to plaintiffs for financing the growing and harvesting of said produce; that such advances have all been repaid by accumulation of credit to plaintiffs from such sales; that defendants refuse to clear plaintiffs' title from the cloud of the crop mortgage and deed of trust, and pray for compulsory satisfaction of the crop mortgage; reconveyance of the deed of trust; injunction pendente lite; damages; and judgment for unpaid money due from defendants to plaintiffs.

Defendants appeared, filed a demurrer, an affidavit of merits and of residence in Los Angeles County, and a notice of motion for change of venue to Los Angeles County. Plaintiffs filed a counteraffidavit to the effect that the agreement, the deed of trust, and the promissory note evidencing the indebtedness secured by it and the chattel mortgage, were all made, executed, entered into and delivered in Riverside County, and payment for all produce was to be made in Riverside County. The defendants' allegations of residence in Los Angeles County and the plaintiffs' allegations that the contract was made, executed and delivered, and to be performed in Riverside County are uncontradicted.

Upon presentation, the motion for change of venue was denied and defendants appeal from that order.

Code of Civil Procedure, section 395, provides in part as follows:

"When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

On a motion for change of venue, if there be any conflict as to facts, the doubt must be resolved in favor of the prevailing party since decisions on questions of fact are for the

trial court. (*Hale* v. *Bohannon*, 38 Cal.2d 458, 466 [7] [241 P.2d 4] ; *Mitchell* v. *Griffin*, 142 Cal.App.2d 811, 814 [4] [299 P.2d 303].)

█ It will be noted that the county where the contract is made is deemed to be the county where it is to be performed unless there is a special contract in writing to the contrary. (Code Civ. Proc., § 395; *Mitchell* v. *Griffin, supra*, p. 814 [3] ; *Dawson* v. *Goff*, 43 Cal.2d 310, 315 [3] [273 P.2d 1].)

█ The county in which the contract sued on is made and is to be performed is a proper county for trial of the action (*Hale* v. *Bohannon, supra*, p. 470 [17] ; *Dawson* v. *Goff, supra*, [1b] ; *Campbell* v. *Clifford*, 52 Cal.App.2d 615, 618 [126 P.2d 887] ; *Wilson* v. *Scannavino*, 159 Cal.App.2d 369, 371 [324 P.2d 350].)

Riverside County being the place where the contract was entered into, as well as the place where it was to be performed, is a proper county for trial and the trial court's order was correct.

Counsel for respondents also makes the point that defendants are an association within the meaning of article XII, section 16 of the California Constitution, which authorizes action against a corporation or an association in the county where the contract is made or is to be performed, or obligation or liability arises, or breach occurs. In view of what has been said about the effect of Code of Civil Procedure, section 395, on venue in this case, we deem it unnecessary to pass on that point.

The order denying defendants' motion for change of venue is affirmed.

Griffin, P. J., and Mussell, J., concurred.