[Civ. No. 18259.   First Dist., Div. Two.   May 19, 1959.]

INTERNATIONAL INVESTMENT COMPANY, INC. (a Corporation) et al., Appellants, v. HELEN KING CHAGNON, as Executrix, etc., Respondent.

Robert E. Hatch, in pro. per., Leighton Hatch and Athearn & Athearn for Appellants.

Edythe Jacobs for Respondent.

O'DONNELL, J. pro tem.[*]—This is an appeal from an order granting defendant's motion for a change of venue from the Superior Court of the City and County of San Francisco to the Superior Court of Los Angeles County. Since the appeal in this case was perfected, the defendant and respondent Gladyce C. Merola has died. Helen King Chagnon, as executrix of her estate, has been substituted as respondent in the place of Gladyce C. Merola. When we speak herein of the defendant we are referring to the decedent Gladyce C. Merola.

The complaint alleges the execution by the individual plaintiffs, on the one hand, and defendant on the other, of a written contract whereunder the individual plaintiffs, who are attorneys-at-law, promised to perform certain legal services on behalf of defendant, and defendant promised to pay them a stipulated fee therefor. The complaint further alleges that the contract was executed in the City and County of San Francisco. Paragraph VIII of the Complaint reads:

"In addition to those services rendered by plaintiffs Hatch and Athearn under the terms of said agreement, defendant has become indebted to them in the additional sum of twenty-five thousand dollars ($25,000.00) as and for the reasonable value of other legal services rendered by said plaintiffs to

---

[*] Assigned by Chairman of Judicial Council.

and at the special instance and request of said defendant and for her use and benefit.''

Plaintiffs pray for judgment against defendants for the amount allegedly due them for attorneys' services.

Defendant's motion for an order changing the place of trial was made and granted on the ground that defendant was a resident of Los Angeles County. Section 395, subdivision 1 of the Code of Civil Procedure provides that ''the county in which the defendants, or some of them, reside at the commencement of the action, shall be a proper county for the trial of the action.'' The same subparagraph further provides that, ''. . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.'' It is plaintiffs' contention that the complaint in this action shows on its face that the contract was executed in the City and County of San Francisco, and that the lower court therefore erred in transferring the action to Los Angeles County for trial.

It is obvious that paragraph VIII of the Complaint, quoted above, although not set out in a separate count, states a cause of action that is entirely independent of, and different from, the cause of action based on the written contract.

■ ''The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can—otherwise, the defendant's right is to have the case tried in the county of his residence.'' (*Goossen* v. *Clifton*, 75 Cal.App.2d 44, 47 [170 P.2d 104].)

■ And on page 49 of the same case the court says that ''. . . if a plaintiff unites in one complaint two causes of action, in one of which the defendant has the right to have it tried in the county of his residence, in the other of which he is not, the defendant is entitled to have the cause tried in the county of his residence.'' (To the same effect see

*Tringali* v. *Vest,* 106 Cal.App.2d 720 [236 P.2d 171]; and *Crofts & Anderson* v. *Johnson,* 101 Cal.App.2d 418 [225 P.2d 594].)

■ While in the case at bar plaintiffs have alleged that the express written contract was executed in San Francisco, they have not alleged in what county the implied-in-fact contract described in paragraph VIII of the complaint was entered into. As to this cause of action, therefore, plaintiffs have not brought themselves within the exception relative to contract actions set forth in section 395 of the Code of Civil Procedure.

Appellants contend, however, that they could have shown, by means of affidavit, that the implied contract was in fact entered into in San Francisco but that the judge of the lower court, entertaining the erroneous opinion that the plaintiffs could not go outside the complaint to show where the implied contract was entered into, refused to grant plaintiffs a continuance in order to prepare such an affidavit, and that such refusal constituted an abuse of discretion on the part of the lower court.

In the memorandum of points and authorities which accompanied defendant's notice of motion (timely service of which on plaintiffs is not questioned) she made entirely clear the basis of the motion, pointing out that the complaint contained two distinct causes of action and that, under the rules we have discussed above, she was entitled to a change of venue to the county of her residence. At the hearing of the motion and after defendant had completed her presentation, the court commented that the complaint did not allege sufficient facts to retain venue in San Francisco. Plaintiffs thereupon asked for a continuance until 2 o'clock p.m. of the same day (the motion was called for hearing at 11 o'clock a.m.) in order to prepare and file an affidavit to show that the implied contract was entered into in San Francisco. The court commented that in its opinion such an affidavit would be unavailing—that it must appear from the complaint itself that the case comes within the exception provided in Code of Civil Procedure, section 395, relating to contract actions. Plaintiffs questioned the correctness of the court's opinion on this point. In response to the court's inquiry, plaintiffs admitted that they did not have at hand any citation of authorities on this point. Plaintiffs requested a continuance of five minutes in which to secure citations on the point from

the law library. The request was denied. The court thereupon denied plaintiffs' earlier motion for a continuance to 2 o'clock on two distinct grounds: (1) that the deficiencies in the complaint relating to venue could not be cured by an affidavit and (2) that no sufficient showing of why such an affidavit had not been prepared and ready for presentation at the time fixed for the hearing had been made.

The trial court was in error in denying the motion on the first ground. ■ "The fact entitling a party to try the action in a county other than defendant's residence where the complaint is silent on the subject may be shown by affidavit. . . ." (*Turner* v. *Simpson,* 91 Cal.App.2d 590, 591 [205 P.2d 423].) We must therefore consider and decide whether or not the lower court abused its discretion in denying the motion for continuance on the second ground.

■ It is settled that an application for a continuance is addressed to the sound discretion of the trial judge whose ruling will not be disturbed except for the most cogent reasons. (*Slaughter* v. *Zimman,* 105 Cal.App.2d 623, 624 [234 P.2d 94]; *Schlothan* v. *Rusalem,* 41 Cal.2d 414 [260 P.2d 68].)

■ In the instant case plaintiffs were apprised by defendant's notice of motion and supporting points and authorities of the points defendants proposed to make at the hearing. From the moving papers it was obvious that the sufficiency of the implied contract allegations of the complaint to bring the case within the contract actions exception of Code of Civil Procedure, section 395 was being put in issue. Yet, at the time of the hearing of the motion, plaintiffs were admittedly not prepared to meet this issue. Plaintiffs did not present to the lower court any reason for not being prepared to meet defendant's motion other than that they thought their complaint was adequate (which it obviously was not, as we have already seen) to retain venue in San Francisco. The judge of the lower court very pertinently observed, "I think a motion for change of venue is a complete challenge to counsel for plaintiff and that counsel has to be ready." The judge went to the heart of the matter when he said, "After all, a motion for change of venue doesn't end your case, it simply sends it to another county. . . ."

We think it was not unreasonable of the judge of the lower court to expect plaintiffs to be fully prepared to meet the issues raised by defendant's motion at the time for which it was set for hearing. We therefore conclude that there was

no abuse of discretion by the lower court in denying plaintiffs' motion for a continuance to 2 o'clock.

The order is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.

A petition for a rehearing was denied June 18, 1959, and appellants' petition for a hearing by the Supreme Court was denied July 15, 1959.