[Civ. No. 9972. Third Dist. Oct. 28, 1960.]

A. I. DIEPENBROCK, Respondent, v. HARRY AUSLEN, Appellant.

Byron Coleman for Appellant.

Devlin, Diepenbrock & Wulff for Respondent.

WARNE, J., pro tem.*—This is an appeal from an order denying a motion for a change of venue to the city and county of San Francisco, appellant's residence, in an action praying for declaratory relief filed in Sacramento County.

The complaint alleges that the defendant, Harry Auslen, who was coadministrator of the estate of Harry Auslender, deceased, employed the law firm of Devlin, Diepenbrock & Wulff, to act as attorneys for him in connection with problems confronting him in the estate of said deceased. It is alleged that said employment was set forth in a letter dated December 15, 1954, addressed to defendant, reading as follows:

"Concerning your employment of my firm in connection with the problems confronting you in the estate of Harry Auslender, Sacramento No. 36657, this will confirm our understanding of today that you are to pay us a minimum retainer

*Assigned by Chairman of Judicial Council.

fee of $500.00. Should it be inadequate to cover reasonable compensation for our professional services, then you are to pay such additional sum as will close the gap.

"In transmitting your check, please indicate that the foregoing finds your approval.

Very truly yours,

A. I. Diepenbrock"

It is alleged that defendant acknowledged receipt of this letter by his letter dated December 17, 1954. The complaint then enumerates the services rendered in connection with the decedent's estate, and also alleges the reasonable value of the services rendered.

It is further alleged that Devlin, Diepenbrock & Wulff assigned to A. I. Diepenbrock, the plaintiff, the firm's claims against defendant for such of the professional services as were rendered to defendant as an individual. The assignment is alleged to have excepted those services rendered to the estate of the deceased. It is further alleged that an actual controversy exists between plaintiff's assignor and defendant as to the reasonable value of said services and as to the responsibility therefor; that defendant asserts that all of said services were rendered for the account and benefit of the estate of said deceased and its administrators and that he is not personally liable for any part thereof; that defendant's coadministrator asserts that a substantial portion of said services were for the personal account and benefit of the defendant; that plaintiff is unable to state to what extent said services are personal to defendant, and to what extent same are allocable to the estate of said deceased; that plaintiff's assignor has filed a petition for attorneys' fees in the estate of said deceased; that the petition was directed to defendant individually, and as well to the defendant and Morris Auslen as coadministrators; that defendant denied jurisdiction of the court and the court granted a motion for his dismissal subject to the condition that such dismissal was without prejudice to the prosecution of an independent action on the civil side of the court against defendant; that this action is the result; and that plaintiff desires a declaration of his rights. The prayer of the complaint asks that the court fix the reasonable value of the services rendered to plaintiff's assignor and allocate to defendant and render judgment against him for such portion as is justly due from him as an individual.

750

The defendant made a motion for change of venue, which motion was denied.

The parties agree that the city and county of San Francisco is the county of the residence of the defendant.

" 'The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can—otherwise, the defendant's right is to have the case tried in the county of his residence.' " (*International Investment Co.* v. *Chagnon,* 170 Cal.App.2d 441, 443 [339 P.2d 147] ; see also *Goossen* v. *Clifton,* 75 Cal. App.2d 44, 47 [170 P.2d 104].)

". . . [M]ere conclusions or indefinite statements of a pleader will not suffice to create a *prima facie* case entitling one to maintain an action at a county other than that of the residence of the defendant." (*Gas Appliance Sales Co., Inc.* v. *W. B. Bastian Mfg. Co.,* 87 Cal.App. 301, 309 [262 P. 452].)

Plaintiff alleges that the employment of plaintiff's assignor was set out in his letter of December 15, 1954, hereinabove quoted verbatim. The letter does not show where the prior "understanding" was reached and only inferentially that the services were to be performed in Sacramento County. However, plaintiff clearly alleges in his affidavit that the oral contract of employment was entered into in Sacramento County; that services were to be performed in Sacramento County ; and that the place of payment was and is Sacramento County. Where the complaint is silent, such facts may be shown by affidavit. (*Turner* v. *Simpson,* 91 Cal.App.2d 590 [205 P.2d 423].) The complaint also enumerates what services were performed and alleges that they were performed in Sacramento County.

By counteraffidavit defendant denied that he had at any time in his individual capacity entered into a contract with the law firm of Devlin, Diepenbrock & Wulff, plaintiff's assignor, to render professional services in connection with the problems confronting him in the estate of the deceased. He alleges that plaintiff's assignor was employed by him in his representative capacity as coadministrator ; that nothing in his letter of December 17, 1954, which the complaint states contained an acknowledgment of plaintiff's letter of December 15, 1954, indicates that the alleged contract was entered into by him in his individual capacity. Thus a conflict was

created which was resolved in favor of the plaintiff. Where the evidence on the motion for a change of venue is conflicting with respect to the place of performance of the contract, the judgment will not be disturbed. (*Gas Appliance Sales Co., Inc.* v. *W. B. Bastian Mfg. Co., supra,* 87 Cal.App. 301, at page 310 [262 P. 452].)

 Defendant further alleges in his affidavit that the action is one for declaratory relief and asserts that an action for declaratory relief is an action in equity which must be tried where the defendant resides. He makes the same contention on this appeal. We do not agree with appellant.

Section 395 of the Code of Civil Procedure provides that the county in which the contract sued on is made and is to be performed is a proper county for trial of the action. (*Duran* v. *Lynn,* 166 Cal.App.2d 449, 451 [333 P.2d 253], and cases cited.) Further, it will be noted that the county where the contract is made is deemed to be the county where it is to be performed, unless there is a special contract in writing to the contrary. (Code Civ. Proc., § 395; *Dawson* v. *Goff,* 43 Cal.2d 310, 315 [273 P.2d 1].) No distinction is drawn between an action at law or in equity. Further, where the main relief sought is grounded upon a cause of action based on a contract obligation, the contract or nature of the case controls under the "main relief" rule. (*Dreher* v. *Fidelity & Cas. Co.,* 148 Cal.App.2d 695, 697 [307 P.2d 407].)

 The defendant also asserts that the complaint states no cause of action against him in his individual capacity. Assuming this is a proper subject of inquiry here, we find no merit in this contention. In *Estate of Dow,* 149 Cal.App.2d 47, 61 [308 P.2d 475], it was held that services by an attorney dealing with an amicable settlement of a family feud are personal to an administrator regardless of a *pro forma* estate representation. In the instant case it appears from the complaint that there was a family feud headed by defendant on one side and Morris Auslen, his brother and coadministrator, and Leonard S. Lurie, defendant's brother-in-law, the attorney for the estate, on the other side, "stemming out of charges and countercharges of chicanery," which precipitated acrimonious litigation between the parties in said estate proceeding. There was also a petition filed by Morris Auslen for the removal of defendant as coadministrator of said estate. These services could be of a personal kind or character regardless of a *pro forma* estate representation. We conclude that the complaint states a cause of action.

The order denying defendant's motion for a change of venue is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied November 22, 1960.