[Civ. No. 10014.    Third Dist.    Feb. 3, 1961.]

C. O. WHEELER, Respondent, v. E. L. MOSCHETTI et al., Appellants.

Charles Reagh for Appellants.

Manwell & Manwell for Respondent.

WARNE, J. pro tem.*—This is an appeal from an order denying appellants' motion for a change of venue from the county of Yuba to the city and county of San Francisco.

The complaint is in the form of a common count alleging that appellants were indebted to the respondent in the sum of $1,225.22 and had promised to pay that sum in Yuba County, but that the appellants had failed to pay the obligation as promised.

Appellant E. L. Moschetti filed an affidavit in support of the motion for change of venue which deposes and says: That the parties made two written contracts in Yuba County by the terms of which appellants sold and respondent purchased certain fixtures which were to be delivered in Yuba County; that when the time for delivery arrived respondent changed his plans and no longer desired the equipment; that about three weeks subsequent to the sale the respondent entered into an oral agreement with the appellants; that this oral agreement was entered into in San Francisco and was to the effect that appellant sell the fixtures for respondent's account on a commission basis; that all the fixtures were thus sold in Oakland, California, or are now in the possession of the respondent, with the single exception of one piece of equipment which was destroyed by fire, but not through the appellants' fault or negligence; that appellants tendered by check the amount due on the account which respondent has neither returned nor cashed. The account itself is alleged to have been stated to the respondent in a letter accompanying the check; that there were no other transactions involved between the parties and that at the

*Assigned by Chairman of Judicial Council.

time of the oral agreement made in San Francisco there was no understanding as to where the appellants were to sell the equipment. Finally, the affiant, E. L. Moschetti, declared that he was a resident of San Francisco at the time of the commencement of the action and continued to so reside to the time the affidavit was filed. It is also stated that the affiant had full authority from his coappellant, William Moschetti, to make the affidavit in behalf of both and that no other persons are interested in the Moschetti Refrigeration Company. The consent of William Moschetti to the transfer of the action was attached to the affidavit.

No affidavit was filed by the respondent in opposition to the motion for change of venue.

As stated in *Dicpenbrock* v. *Auslen,* 185 Cal.App.2d 747, 750 [8 Cal.Rptr. 659]:

" ' "The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can—otherwise, the defendant's right is to have the case tried in the county of his residence." ' (*International Investment Co.* v. *Chagnon,* 170 Cal.App.2d 441, 443 [339 P.2d 147]; see also *Goossen* v. *Clifton,* 75 Cal.App.2d 44, 47 [170 P.2d 104].)

" '. . . [M]ere conclusions or indefinite statements of a pleader will not suffice to create a prima facie case entitling one to maintain an action at a county other than that of the residence of the defendant.' "

However, we also held in *Dicpenbrock* v. *Auslen,* at pages 747, 751:

"Where the evidence on the motion for a change of venue is conflicting . . . the judgment will not be disturbed. (*Gas Appliance Sales Co., Inc.* v. *W. B. Bastian Mfg. Co.,* 87 Cal. App. 301, at page 310 [262 P. 452].) . . . .

"Section 395 of the Code of Civil Procedure provides that the county in which the contract sued on is made and is to be performed is a proper county for trial of the action. (*Duran* v. *Lynn,* 166 Cal.App.2d 449, 451 [333 P.2d 253], and cases cited.) Further, it will be noted that the county where the contract is made is deemed to be the county where it is to be performed, unless there is a special contract in writing to the contrary. (Code Civ. Proc., § 395; *Dawson* v. *Goff,* 43 Cal.2d 310, 315 [273 P.2d 1].)"

830

Applying the above rules of law to the facts set forth in appellants' affidavit it is apparent that the proper place of trial of this case is in the city and county of San Francisco. Furthermore, even if the respondent's allegations in his verified complaint alleging that appellants promised to pay the $1,225.22 in Marysville, Yuba County, could be said to raise a conflict with appellants' affidavit, such conflict, if resolved in favor of respondent, would not defeat the appellants' right to a change of venue since there was no allegation of any written promise to perform the oral agreement in Yuba County. In the absence of such " 'a special contract in writing to the contrary the county in which the obligation is incurred is the venue of an action arising out of it.' " (*Cal-Ore Lumber Sales* v. *Russell*, 133 Cal.App.2d 296, 301-302 [284 P.2d 179].) In the instant case the allegation in appellants' affidavit that the oral contract was made in San Francisco stands uncontradicted.

The order is reversed.

Van Dyke, P. J., and Schottky, J., concurred.