[Civ. No. 24945. Second Dist., Div. Two. Mar. 23, 1961.]

WAUNITA MAXWELL, Respondent, v. RALPH R. MUR-
RAY et al., Defendants; CLARENCE V. BOWLING,
Appellant.

*Assigned by Chairman of Judicial Council.

442

Frank W. Woodhead, Robert E. Morrow and Henry F. Walker for Appellant.

Loyal D. Frazier and Karl E. Dame for Respondent.

HERNDON, J.—Plaintiff, a resident of Ventura County, filed suit there to recover damages for alleged injury to person and property resulting from an automobile accident which occurred in Los Angeles County. Defendant-appellant Bowling's residence is Alameda County. He therefore filed a motion for change of venue pursuant to section 395 of the Code of Civil Procedure which provides, *inter alia*, that: "If the action be for injury to person, or to personal property, . . . or negligence, either the county where the injury occurs, . . . or the county in which the defendants, or some of them, reside at the commencement of the action, shall be a proper county for the trial of the action." The plaintiff filed a declaration in opposition to the defendant's motion based upon convenience of witnesses and it is from the order of the court denying the motion for change of venue that defendant appeals.

"The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can—otherwise, the defendant's right is to have the case tried in the county of his residence." (*Goossen* v. *Clifton*, 75 Cal.App.2d 44, 47 [170

P.2d 104]; *International Investment Co.* v. *Chagnon,* 170 Cal.App.2d 441, 443 [339 P.2d 147]; *Diepenbrock* v. *Auslen,* 185 Cal.App.2d 747, 750 [8 Cal.Rptr. 659].)

It is therefore agreed that the defendant is entitled to have a negligence action tried either in the county of his residence or the county where the tort occurred (Code Civ. Proc., § 395, *supra*; *cf. Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515, 521-522 [274 P. 977]), unless, under the authority of section 396b of the Code of Civil Procedure, the plaintiff can show that both the convenience of witnesses and the ends of justice will be served by retention of the action in the county where commenced (*Edwards* v. *Pierson,* 156 Cal.App.2d 72, 75 [318 P.2d 789]; *Churchill* v. *White,* 119 Cal.App.2d 503, 507 [259 P.2d 974]). In order to satisfy this burden, plaintiff's affidavit must indicate the names of the witnesses, the nature of the testimony which may be expected from them and the reasons why they would be inconvenienced by the transfer "so that the court may, from the issues, judge of the materiality of their testimony and afford opposing counsel an opportunity to stipulate to the testimony proposed" (*Juneau* v. *Juneau,* 45 Cal.App.2d 14, 17 [113 P.2d 463]), thereby obviating the necessity of calling such witnesses (*cf. Stockton C.H. & A.W.* v. *Houser,* 103 Cal. 377, 380 [37 P. 179]). Resolution of the issue rests largely in the sound discretion of the trial court and the exercise of that discretion will be reversed only on a clear showing of abuse (*Flanagan* v. *Flanagan,* 175 Cal.App. 2d 641, 643 [346 P.2d 418]; *J.C. Millett Co.* v. *Latchford-Marble G. Co.,* 167 Cal.App.2d 218, 224 [334 P.2d 72]). However, it must first be determined that sufficient facts have been shown upon which the trial court could base an exercise of that discretion. (*Cf. Edwards* v. *Pierson, supra,* 156 Cal.App.2d 72, 76.)

The plaintiff filed a declaration in opposition to the motion for change of venue in which she averred "[t]hat there are five witnesses including the plaintiff who reside in the County of Ventura, to wit: Dr. A. L. Muff; Dr. Edward R. Lambert; Dr. W. A. Jones and Mr. F. E. Maxwell." The plaintiff's own convenience cannot be considered upon a motion for change of venue (*Wrin* v. *Ohlandt,* 213 Cal. 158, 160 [1 P.2d 991]). And plaintiff has failed to indicate in any manner whatsoever the subject matter of F. E. Maxwell's proposed testimony; thus, any inconvenience to him could not

have been considered by the trial court (*Peiser* v. *Mettler*, 50 Cal.2d 594, 612 [328 P.2d 953]).

Plaintiff declared further that she "is informed and believes that two police officers of the California Highway Patrol, who are assigned to Los Angeles County, will be witnesses . . . [and] will testify as to the cause of the accident and the liability, if any, of the defendants herein." It is correctly contended that the trial court could not properly consider any alleged inconvenience to these witnesses. Their names and places of residence are not stated nor is the substance of their testimony sufficiently indicated. Plaintiff has made her declaration, in its application to the police officers, on information and belief. It is axiomatic that such an allegation is entitled to little weight, particularly where, as in the present case, the source of that information is readily available (2 Cal.Jur.2d, Affidavits, § 21).

The only other witnesses that plaintiff indicated were residents of Ventura County were the three named doctors, who, plaintiff declared, "will testify to the nature and extent of the injuries sustained by the plaintiff" in the accident.

It is clear that "the convenience of experts should not be considered in determining the question of convenience of witnesses . . . except where the experts have a personal knowledge of the facts upon which their testimony is to be based." (*Figley* v. *California Arrow Airlines*, 111 Cal.App.2d 285, 287 [244 P.2d 472]; *Peiser* v. *Mettler*, supra, at p. 611.) Thus, the defendant must prevail unless the plaintiff's declaration contains sufficient facts to indicate not only the nature and extent of the doctors' testimony but also that they will testify from their personal knowledge.

There is no statement in the plaintiff's declaration to the effect that these doctors have personally examined her. Likewise, affidavits by the doctors themselves that they will testify from personal knowledge are conspicuous by their absence. It is true that the trial court may rely to some extent upon reasonable and relevant inferences arising from facts set forth in the affidavit (*Harden* v. *Skinner & Hammond*, 130 Cal.App.2d 750, 755 [279 P.2d 978]), but here the only fact which could possibly raise the inference that the doctors would be testifying from personal knowledge rather than as experts from hypothetical questions was the statement that both the doctors and the plaintiff reside in Ventura County. While this establishes the possibility that the doctors will thus be testifying from personal knowledge,

we do not feel that this alone is sufficient to satisfy the plaintiff's burden of showing facts which indicate that the defendant is not entitled to have the action tried in his home county.

However, we do not rest our decision on this ground alone, for we feel that there is an even stronger reason why the court's order denying the motion for change of venue must be reversed. ▉ As we have previously indicated, *Juneau* v. *Juneau, supra,* 45 Cal.App.2d 14, set forth the requirements for affidavits supporting venue in counties other than defendant's home for convenience of the witnesses. Those requirements were that the affidavit indicate specifically the nature and extent of the testimony forthcoming from the inconvenienced witnesses so that the trial court would be able to determine whether or not that testimony would be material, relevant and admissible, and, further, so that opposing counsel could stipulate to the admission of the proposed testimony and thus obviate the necessity of calling the witnesses. ▉ Here, the plaintiff declared only that the doctors "will testify to the nature and extent of the injuries sustained by the plaintiff" in the accident. Such a statement does not satisfy the *Juneau* rule and is a mere conclusion.

▉ It has often been noted that "mere conclusions or indefinite statements of a pleader will not suffice to create a *prima facie* case entitling one to maintain an action at a county other than that of the residence of the defendant." (*Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.,* 87 Cal.App. 301, 309 [262 P. 452] ; *Meadows* v. *Emett & Chandler,* 99 Cal.App.2d 496, 498 [222 P.2d 145] ; *Diepenbrock* v. *Auslen, supra,* 185 Cal.App.2d 747, 750 [8 Cal.Rptr. 659].) Obviously the same rule applies where the conclusions and indefinite statements are contained in an affidavit in support of retention of a case in a county other than that of the defendant's residence. Since the present declaration does not comply with the rules enunciated, the order of the court denying the motion for change of venue must be reversed

The order is reversed.

Fox, P. J., and Ashburn, J., concurred.