[Civ. No. 29812. First Dist., Div. Four. Aug. 30, 1971.]

JOHN SCRIBNER, Petitioner, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

## COUNSEL

Brett Dorian and Lyle L. Lopus for Petitioner.

Evelle J. Younger, Attorney General, W. Eric Collins and Alfred Dovbish, Deputy Attorneys General, for Respondent and for Real Parties in Interest.

## OPINION

**DEVINE, P. J.**—Petitioner John Scribner, defendant in a paternity suit, seeks mandate to compel respondent, Superior Court of Sonoma County, to transfer venue to Fresno County, where he resides.

The suit was filed in Sonoma County by the district attorney for that county on behalf of Eva K. Schmidt, a resident. The complaint alleges that petitioner is the father of Miss Schmidt's son and asks that petitioner be required to support the child. Before filing an answer, petitioner moved for change of venue to Fresno County, the county of his residence. The district attorney filed a counteraffidavit requesting that the action be retained in Sonoma County for "the convenience of the Plaintiff and wit-

nesses and in the interests of justice." The trial court denied petitioner's motion for a change of venue.

The petitioner's motion should have been granted. The general principle of transferring to the county of the defendant's residence is stated in Code of Civil Procedure section 395, subdivision (a). Code of Civil Procedure section 396b provides that the court may retain the action in the county where it was commenced if it appears that the convenience of witnesses or the ends of justice will be promoted, *if an answer be filed.* In the case before us, no answer was filed. Transfer, therefore, became mandatory. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 557, p. 1372; *Johnson v. Superior Court,* 232 Cal.App.2d 212, 214 [42 Cal.Rptr. 645].) After the answer is filed, plaintiff may move for retransfer to the original court for the convenience of witnesses and the ends of justice. (2 Witkin, *supra,* § 557, p. 1372.)

The Attorney General contends that there is an exception to the rule stated above for paternity suits in which the district attorney is authorized to proceed under the provisions of Civil Code section 231 and Welfare and Institutions Code section 11479. In the counteraffidavit which was filed by the district attorney in opposition to the motion for change of venue, it is declared that the child's mother, a minor, is a resident of Sonoma County, is on welfare therein, and does not have financial assets to allow her to go to and from Fresno County. It is represented that the District Attorney of Sonoma County cannot act as her counsel in Fresno County, and that representation of the mother would have to be by the District Attorney of Fresno County and if it were declined the mother would be without benefit of counsel. It is argued by the People that if the Legislature had intended the defendant's residence to be the place of trial, it would not have placed the burden of bringing suit on a district attorney, but would have chosen a statewide agency such as the Attorney General. It is argued that the result of transfer to the county of the defendant's residence would "deter the prosecution of paternity suits thereby burdening the child with the stigma of bastardy and the county of its residence with the sole responsibility for the child's welfare." (We observe in passing that a successful paternity suit has no effect on the subject of legitimacy of the child. It simply establishes the fact that the true father declined to support the unfortunate child and it compels him to carry his proper burden.)

The Legislature could have created an exception to the rule stated in section 396b and recognized by the courts, but it did not do so. To be sure, there do exist the difficulties mentioned in the People's brief. There is to be considered, on the other hand, the fact that the mother of a child may live in or remove herself to a county far distant from that in which the accused defendant has his residence, as well as all of the other factors

which support venue ordinarily in the defendant's county. (We observe that the child was not born in either of the counties mentioned, but in Orange County.) ■ The right of plaintiff to have the action tried anywhere except in the county of the defendant's residence is exceptional and must find its justification in the terms of some statute. (*Maxwell* v. *Murray,* 190 Cal.App.2d 440, 442 [11 Cal.Rptr. 916].*)

■ It may be that the Legislature will wish to change the venue statutes. But that is a matter of policy and it is not for the courts to read into the venue statutes something which is not there unless perhaps the inference created by the two statutes referring to the district attorney's authority to sue were compelling. We do not find it to be so.

In the first place, the literal reading of the two sections relating to the district attorney discloses a limited grant of authority to that official. Civil Code section 231 reads: "An action may be brought for the purpose of having declared the existence or nonexistence between the parties of the relation of parent and child, by birth or adoption. The district attorney may also bring an action under this section in any other case in which he believes that the interests of justice will be served thereby." Welfare and Institutions Code section 11479, referring to investigation of paternity cases and action by the district attorney, says in its relevant part: "The district attorney shall conduct such investigation as he considers necessary, and where he deems it appropriate, he may bring an action under Section 231 of the Civil Code." The giving of authority to *bring* an action does not embrace more than the commencing of the action. Nothing further is stated in either of the statutes about procedure once the action is commenced. No suggestion is made that the case, once brought, should be treated in a different manner from that applying to other actions. In *County of Los Angeles* v. *Craig,* 52 Cal.App.2d 450 [126 P.2d 448], the court held that a change of venue was properly granted under section 394 of the Code of Civil Procedure, which provides that whenever an action is brought by a county against a resident of another county, the action must, on the motion of either party, be transferred to a third county. The County of Los Angeles had filed an action pursuant to Welfare and Institutions Code section 2224 (the provisions of this section have been incorporated, with some changes, into the present section 12100 of the same code), which required the district attorney to maintain an action against the spouse or adult child who is pecuniarily able to support the recipient of welfare from

---

*In *Maxwell* v. *Murray,* the issue of convenience of witnesses was heard in the county of plaintiff's residence. Although it does not appear from the opinion, it does appear from the briefs (Records of District Court of Appeal, Vol. 3205) that defendant had filed his answer in that court, thus allowing the matter to be considered under Code of Civil Procedure section 396b.

the county. The court held that although the word "maintain" had three meanings, to wit: "(1) To begin, to bring, to commence, to institute; (2) To carry on, to continue or persevere in or with; (3) To commence and prosecute to a conclusion that which has already been begun," the court would accept the first of these in order to reconcile section 2224 of the Welfare and Institutions Code with section 394 of the Code of Civil Procedure. (52 Cal.App.2d at pp. 452-453.) In the case before us, the two statutes referring to the district attorney expressly refer to the "bringing" of the action; wherefore, the case for applying the ordinary venue statute is the stronger.

In the second place, it is to be presumed that the court in Fresno County will take into consideration the subject of convenience of witnesses as well as the interest of the County of Sonoma. It may be, after such consideration (no doubt the case of the People will be ably presented on motion of the District Attorney of Fresno County), that the case will be retransferred expeditiously. On the other hand, it may be that justice and the convenience of witnesses will satisfy the court that the case should be retained in the county of defendant's residence.

A writ of mandate will issue directing the respondent court to order transfer of the case to the County of Fresno.

Rattigan, J., and Salsman, J.,* concurred.

---

*Retired Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.