[Civ. No. 28058. Fourth Dist., Div. One. Nov. 17, 1982.]

BILLY J. DENDY et al., Plaintiffs and Appellants, v.
MGM GRAND HOTELS, INC., et al., Defendants and Respondents.

458

COUNSEL

Marvin, Huiskamp & Black and John S. Huiskamp for Plaintiffs and Appellants.

Wyman, Bautzer, Rothman, Kuchel & Silbert, Allan B. Goldman and Lee W. Cotugno for Defendants and Respondents.

OPINION

**WIENER, Acting P. J.**—This appeal has its basis in the tragic fire which swept through the MGM Grand Hotel in Las Vegas injuring a large number of hotel guests and employees. Plaintiffs Billy J. and Patricia Ann Dendy were guests at the hotel at the time of the fire and brought suit in California to recover for personal injuries and other damages allegedly resulting from the blaze. Two

of the defendants named in that suit, MGM Grand Hotels, Inc. and MGM Grand Hotel-Las Vegas, Inc. (collectively MGM), moved the California court to dismiss or stay the action on the ground of forum non conveniens. The court granted a conditional stay as to all proceedings, reserving jurisdiction and ruling that depositions and medicals were to be promptly taken in San Diego.

Plaintiffs appeal this ruling contending the court abused its discretion in granting the stay and claiming a stay is improper where there is no other action pending between the parties on the same issues. In addition, they assert the stay order is defective because it is ambiguous and overly broad. We conclude a stay on the ground of forum non conveniens in these circumstances was proper and not an abuse of discretion. Accordingly, with certain modifications, we affirm the order.

I

The doctrine of forum non conveniens allows a court to decline to exercise jurisdiction where it finds that it is more appropriate and equitable to try the action elsewhere. (*Hemmelgarn* v. *Boeing Co.* (1980) 106 Cal.App.3d 576, 583 [165 Cal.Rptr. 190]; *Great Northern Ry. Co.* v. *Superior Court* (1970) 12 Cal.App.3d 105, 109 [90 Cal.Rptr. 461], cert den., 401 U.S. 1013 [28 L.Ed.2d 550, 91 S.Ct. 1250].) This doctrine has been codified as Code of Civil Procedure section 410.30 which provides in subdivision (a): "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." At the outset we stress this doctrine should be applied sparingly as it is recognized that a plaintiff's choice of forum should be respected unless equity weighs strongly in favor of the defendant. (*Brown* v. *Clorox Co.* (1976) 56 Cal.App.3d 306, 311 [128 Cal.Rptr. 385]; *Great Northern Ry. Co.* v. *Superior Court, supra,* 12 Cal.App.3d at p. 110.) Whether the doctrine should be applied in a particular case, however, rests within the discretion of the trial court whose decision will be disturbed upon appeal only when the order is unsupported by substantial evidence under apposite law. (*Hemmelgarn* v. *Boeing Co., supra,* 106 Cal.App.3d at p. 584.)

Plaintiffs claim the court abused its discretion in granting a stay, pointing to those cases which hold it is an abuse of discretion to dismiss an action on the ground of forum non conveniens where the plaintiff is a resident of the forum state. (See, *Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 859 [126 Cal.Rptr. 811, 544 P.2d 947]; *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 746 [59 Cal.Rptr. 101, 427 P.2d 765].) This strict rule, however, applies only to *dismissal* of a case and not a *stay*; therefore those holdings are

not determinative. (*Archibald* v. *Cinerama Hotels, supra,* 15 Cal.3d at p. 860.) The residence of the plaintiff is but one of many factors the court may consider when determining whether to grant a stay. (*Ibid.*)

■ Plaintiffs also cite *Bechtel Corp.* v. *Industrial Indem. Co.* (1978) 86 Cal.App.3d 45, 52-53 [150 Cal.Rptr. 29], for the proposition that the court cannot dismiss or stay a proceeding on the ground of forum non conveniens where both the plaintiff and defendant are California residents. This rule is not controlling, since *Bechtel* and the present case are factually distinguishable. In *Bechtel* there were only two parties, both were California residents (*id.,* at p. 48), and the dispute was clearly limited to those parties. In contrast, this case involves a large number of defendants many of whom are not California residents. Moreover, application of such a rule to multiparty, multiaction litigation arising out of a single occurrence would undermine the policy underlying the doctrine of forum non conveniens since considerations of equity and convenience would be overcome by a limited and rigid rule.

■ Whether the doctrine is to be applied in a particular case rests within the trial court's discretion. In making its determination, the court may take into account ". . . any consideration which legitimately bears upon the relative suitability or convenience of the alternative forums." (*Archibald* v. *Cinerama Hotels, supra,* 15 Cal.3d at p. 860.) The factors the court may consider are numerous,[1] but basically the court looks to the relative convenience and fairness to the parties and witnesses[2] in favoring one forum over another, which

---

[1] "They include the amenability of the parties to personal jurisdiction in this state and in the alternative forum; the relative convenience to the parties and trial witnesses of the competing forums; the differences in the conflict of law rules applicable in the competing forums; the selection of a convenient, reasonable and fair place of trial; defendant's principal place of business; the extent to which the cause of action arose out of events related to this state; the extent to which any party will be substantially disadvantaged by a trial in either forum; the relative enforceability of judgments rendered in this state or the alternative forum; the relative inconvenience to witnesses and relative expense to parties of proceeding in this state or the alternative forum; the significance and necessity of a view by the trier of fact of physical evidence not conveniently movable from the alternative forum; the extent to which prosecution of the action in this state would place a burden upon this state's judicial resources equitably disproportionate to the relationship of the parties or cause of action to this state; the extent to which the relationship of the moving party to this state obligates him to participate in judicial proceedings here; this state's interest in providing a forum for some or all of the parties; this state's public interest in the litigation; the avoidance of multiplicity of actions and inconsistent adjudications; the relative ease of access to sources of proof; the availability of compulsory process for attendance of witnesses; the relative advantages and obstacles to a fair trial; the burden upon jurors, local court and taxpayers of a jurisdiction having a minimal relation to the subject of the litigation; the difficulties and inconveniences to defendant, the court and jurors incident to the presentation of evidence by deposition; and the availability of the suggested forum. [Citations.] [¶] A court may not consider, however, the probability, if such exists, that a California jury may be more generous in its award than the proper forum." (*Hemmelgarn* v. *Boeing, supra,* 106 Cal.App.3d at pp. 584-585.)

[2] Plaintiffs unmeritoriously claim it was improper for the trial court to consider the convenience of witnesses before the defendants have filed their answer. Defendants may appear

forum will best serve the interests of judicial efficiency, which forum is most able to obtain jurisdiction over parties and compel witnesses to testify, and the relative interest of each state in adjudicating the issue. (See *Great Northern Ry. Co.* v. *Superior Court, supra,* 12 Cal.App.3d at pp. 113-115; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 259, p. 799.)

■ Analyzing the facts here in light of these factors, we conclude the balance weighs strongly in favor of the defendants and supports the trial court's order.

First, the fact the fire and injuries involved in this suit took place in Nevada suggests Nevada is a convenient forum for all involved. Most, if not all, percipient witnesses are in Nevada (or, if not, have filed suit in Nevada) and all physical evidence relating to the fire is stored in Las Vegas. In addition, several of the defendants (at least MGM Grand Hotel-Las Vegas and Lucas and Company) are Nevada residents or have their principal place of business in Nevada and may not be amenable to personal jurisdiction in California. Thus, a problem of apportionment of liability and indemnification may occur at trial in California. Similarly, a California court may not be able to compel the attendance of Nevada or other out-of-state witnesses.

More importantly, hundreds of suits resulting from the fire have been filed in Nevada in federal or state court and a massive consolidation effort has been ongoing in these courts for over a year. A huge amount of discovery has already occurred and the documents are stored in a Las Vegas warehouse, available to inspection by all parties in both state or federal actions. Additionally, much preliminary pleading and law and motion work has taken place in Nevada courts. In view of the advanced stage of this consolidated litigation, it is certainly in the best interests of judicial efficiency to require the plaintiffs to file in Nevada since the litigation process there is already well underway. In this manner, duplication of effort in San Diego can be avoided without interfering with the ongoing Nevada litigation. Although California has a significant interest in seeing that its residents recover for all injuries, Las Vegas has a stake in a forum for both plaintiffs and defendants because of the substantial income derived from tourism.

Plaintiffs' primary concern with litigating in Nevada centers around the issue of damages because most of their treatment and medical expenses have been in-

specially for this motion under Code of Civil Procedure section 418.10 *before filing an answer* when the defendant has a jurisdictional complaint such as forum non conveniens. The Judicial Council's comment to section 418.10 states the grounds for granting a motion to stay or dismiss may be found in the comment to Code of Civil Procedure section 410.30 which specifically provides the convenience of witnesses shall be considered as a factor in ruling upon the motion.

Plaintiffs' reliance on *Scribner* v. *Superior Court* (1971) 19 Cal.App.3d 764 [97 Cal.Rptr. 217] is misplaced because *Scribner* involved a motion for change of venue within California.

curred in San Diego. The stay order, however, has provided for this by ordering all depositions and medical examinations to take place in San Diego. The court also expressly retained jurisdiction to decide the issue of damages in San Diego, if the need arises.

Because the evidence, considered in light of the applicable law on the doctrine of forum non conveniens, is substantial and weighs heavily in defendants' favor, we hold the trial court did not abuse its discretion in granting a stay.

## II

■ Plaintiffs further argue that despite the discretionary powers of the trial court, it cannot grant a motion to stay on the ground of forum non conveniens in the absence of another action pending between the same parties on the same issues. This contention is unsupported by case law. Although it has been held the court *may* grant a stay based on the pendency of another action (*Thomson* v. *Continental Ins. Co., supra,* 66 Cal.2d at p. 746), a trial court is not rendered powerless to apply the doctrine of forum non conveniens in the absence of another pending action.[3] The pendency of a similar action is merely one of many factors to be considered by the court.[4]

## III

Finally, plaintiffs complain the order is defective because it is overly broad and ambiguous.[5] Plaintiffs' basic complaint is the order is inadequate and does not supply enough direction for them to know how to proceed with their suit. Without belaboring this issue, we have the power to modify the order consistent with the underlying purpose of the trial court. (See Code Civ. Proc., § 43.)

The court's comments reflect an awareness of the delicate balancing essential to the rights of the respective parties and its continued interest in scrutinizing the proceedings in Nevada in order to modify or even dissolve its order depending on future circumstances. The stay order was not meant to prevent plaintiffs from seeking redress in California if for any reason their rights were being impinged either directly or by delay in Nevada. We therefore affirm the

---

[3]Here the trial court considered the existence of other lawsuits arising from the fire as "pending actions."

[4]Plaintiffs' theory may be a confused statement of the rule that an action will not be dismissed unless a suitable alternative forum is available to plaintiff. (See Judicial Council's com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 410.30, p. 492.) Here, in view of the multiplicity of similar suits filed in Nevada, Nevada is certainly a "suitable" forum.

[5]The court adopted as its final order the minute order prepared by the clerk, which reads: "Court grants conditional stay as to all proceedings. Jurisdiction reserved and depositions and medicals to be taken in San Diego promptly."

order with modifications to assure the parties will have continued access to the California court for additional orders consistent with this opinion.

*Disposition*

The order conditionally staying proceedings is affirmed. The order is modified to provide the trial court shall retain jurisdiction to modify or dissolve the order upon proper showing. The depositions of plaintiffs and medical witnesses shall be conducted in San Diego.

The parties are to bear their own costs on this appeal.

Work, J., and Moon, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.