[No. A035539. First Dist., Div. One. Oct. 23, 1987.]

CELOTEX CORPORATION, Plaintiff and Appellant, v.
AMERICAN INSURANCE COMPANY et al., Defendants and
Respondents.

**COUNSEL**

Jerome I. Braun and Farella, Braun & Martel for Plaintiff and Appellant.

Peter J. Logan, Sheppard, Kaufman, England & Logan, W. Martin Fellegen, Hall, Henry, Oliver & McReavy, Philip C. Stahl, Irving C. Faber, Peter W. Fitzgerald, Isham, Lincoln & Beale, Hancock, Rothert & Bunshoft, Barry L. Bumshoft, Patrick A. Cathcart and Christina M. Benitez for Defendants and Respondents.

## OPINION

**HOLMDAHL, J.**—Appellant brought this action for declaratory relief in order to determine respondent insurers' obligation to defend and pay asbestos-related property damage claims. The insurance policies were issued to the corporate parent of appellant's predecessor. Respondent American Insurance Company moved the trial court for a dismissal or a stay on the grounds of forum non conveniens. Related actions were pending in a federal district court. The trial court granted a stay.

The order of the trial court is affirmed.

### Statement of Facts and Procedural History

Appellant The Celotex Corporation (hereafter, Celotex) is the corporate successor to Smith & Kanzler Company (hereafter, Smith & Kanzler), a manufacturer of asbestos products. Celotex is a Delaware Corporation with its principal place of business located in Florida. Celotex does business in California.

Respondents are American Insurance Company (hereafter, American) and Certain Underwriters at Lloyds, London (hereafter, Lloyds). American is a wholly owned subsidiary of Fireman's Fund Insurance Company (hereafter, Fireman's). American is a New Jersey Corporation with its principal place of business located in California. Fireman's is a California Corporation and its principal place of business is located in California.

Celotex filed this action for declaratory relief in Alameda County Superior Court on May 17, 1985. Celotex sought a determination of the obligations of respondents under policies of insurance issued to Dana Corporation (hereafter, Dana), effective August 1, 1966, to August 1, 1969.[1] Specifically, Celotex sought to determine if the insurers were obligated to defend or pay *property* damage claims arising from products manufactured by Smith & Kanzler.

Dana owned the stock of Smith & Kanzler during the period of time the insurance policies were in effect. Smith & Kanzler was a named insured on the policy issued by American.[2]

---

[1] American issued the primary insurance policy, while Lloyds issued policies for excess insurance coverage.

[2] Dana directly owned the stock of Smith & Kanzler for only 17 months. The corporate histories of Smith & Kanzler, Celotex, Dana, and their subsidiaries is very complex. A recitation of those histories is not necessary to the resolution of this appeal.

At the time this action was instituted, three actions were pending in a federal district court in Ohio in which some of the parties to this action were involved. In Dana Corporation v. Fireman's Fund Insurance Companies, et al. (case No. 83-1153; hereafter, the Ohio action), a declaratory judgment action, Dana sought a determination of the obligations of Fireman's, American, and other insurance companies to defend or pay asbestos-related claims. Among the insurance policies at issue in the Ohio action is the American policy which is the subject of the present action. Dana did not name Lloyds as a defendant in the Ohio action.

Dana did name Celotex as a defendant in the Ohio action, after Fireman's moved the court to require Dana to amend its complaint to add Celotex. Dana sought a determination of its obligation to indemnify Celotex for asbestos-related claims. Celotex's claim for indemnification was based on provisions contained in the 1969 "Stock Purchase Agreement" by which Celotex's predecessor acquired the stock of Smith & Kanzler from Dana. Fireman's also filed a cross-claim against Celotex in the Ohio action seeking a declaration of the parties' rights with respect to the 1969 Stock Purchase Agreement.

The federal district court denied Celotex's motion to stay or dismiss both Dana's complaint and Fireman's cross-claim.

The second action pending in the Ohio federal district court (Lee v. The Celotex Corp. [Case No. 281-1]), was transferred there from a Georgia federal district court (hereafter, the Georgia action). The Georgia action was a personal injury suit in which Celotex filed a cross-claim for indemnity against Dana. The main action concluded and the cross-claim was transferred upon Dana's motion.[3]

The third action was transferred from a Florida federal district court (hereafter, the Florida action). (The Celotex Corporation v. Dana Corporation [case No. 84-1694].) The Florida action also involved Celotex's claims of indemnity against Dana arising from the 1969 Stock Purchase Agreement.

The Ohio federal district court consolidated the three cases.

Back in California, Dana filed a separate action for declaratory relief in Alameda County Superior Court on October 22, 1985. The defendants in that action were Fireman's, American, and two other insurance companies.

---

[3] According to American, the Ohio federal district court "denied Celotex's cross-claim against Dana" on January 12, 1987. American has not provided any further explanation and the district court's order does not appear in the record.

Dana sought a determination of the extent of its insurance coverage with respect to property damage claims resulting from products manufactured by Smith & Kanzler.

Finally, subsequent to the filing of the California actions, American filed a complaint naming Celotex, Dana, and Lloyds as defendants. It filed this fourth case in Ohio federal district court, seeking a declaration of the rights and obligations of the parties under the insurance policy issued by American and the excess insurance policies issued by Lloyds, with regard to asbestos-related property damage (hereafter, the parallel action). (The American Insurance Co. v. The Celotex Corporation, et al. [case No. C 85-7997].)

Celotex moved to consolidate the two California cases. Fireman's and American opposed the motion to consolidate and, instead, moved the trial court to dismiss or stay this action on the ground of forum non conveniens. Fireman's and American argued that the issues Celotex sought to litigate were already being litigated in Ohio.

The trial court denied without prejudice Celotex's motion to consolidate, and agreed to stay the present action until the conclusion of the Ohio litigation. Dana's California action was stayed by stipulation by the parties to that action.

Celotex appeals from the order granting the stay.

### Introduction

The doctrine of forum non conveniens is codified in California Code of Civil Procedure section 410.30, subdivision (a), which, as effective at the time of the trial court's order, provided: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

The decision to apply the doctrine of forum non conveniens rests within the sound discretion of the trial court. (*Holmes* v. *Syntex Laboratories, Inc.* (1984) 156 Cal.App.3d 372, 378 [202 Cal.Rptr. 773].) ". . .[T]he discretion of the trial court should be disturbed on appeal only when the order is unsupported by substantial evidence. [Citation.]" (*Corrigan* v. *Bjork Shiley Corp.* (1986) 182 Cal.App.3d 166, 173 [227 Cal.Rptr. 247].) "An order granting such a motion will not be overturned on appeal unless the balance of factors weighs strongly against the moving party . . . ." (*Holmes* v. *Syntex Laboratories, Inc., supra,* 156 Cal.App.3d at p. 390.)

■    California courts have identified as many as 25 factors to be considered before ruling on a forum non conveniens motion. (*Id*. at p. 378; *Great Northern Ry. Co.* v. *Superior Court* (1970) 12 Cal.App.3d 105, 113-115 [90 Cal.Rptr. 461].) "The factors the court may consider are numerous, but basically the court looks to the relative convenience and fairness to the parties and witnesses in favoring one forum over another, which forum will best serve the interests of judicial efficiency, which forum is most able to obtain jurisdiction over parties and compel witnesses to testify, and the relative interest of each state in adjudicating the issue. [Citations.]" (*Dendy* v. *MGM Grand Hotels, Inc.* (1982) 137 Cal.App.3d 457, 461-462, [187 Cal.Rptr. 95] fns. omitted.)

A list of factors is also contained in the Judicial Council comment to Code of Civil Procedure section 410.30. The comment designates two of the factors as the "most important." First, plaintiff's "choice of forum should not be disturbed except for weighty reasons. . . ." (Judicial Council of Cal. com., West's Ann. Code Civ. Proc., § 410.30 (1973 ed.) p. 492.) Second, ". . . the action will not be dismissed unless a suitable alternative forum is available to the plaintiff. . . ." (*Ibid*.)

We consider those two factors, plus those identified by the parties, as relevant to this case.

*Analysis*

■    Celotex correctly contends that a plaintiff's choice of forum is normally entitled to substantial deference. (Citing *Brown* v. *Clorox Co.* (1976) 56 Cal.App.3d 306, 311 [128 Cal.Rptr. 385].) However, the deference accorded a nonresident plaintiff is less than that accorded a California resident. (*Corrigan* v. *Bjork Shiley Corp., supra,* 182 Cal.App.3d at p. 176.) As the court in *Corrigan* observed, ". . . although [nonresident] plaintiffs' choice of a California forum is entitled to some deference, this consideration cannot dominate our decision." (*Ibid*.)

Respondents maintain that the Ohio federal district court is not only a "suitable alternative forum," but that it is the most convenient forum for this action. They state that the actions pending in Ohio bring all the parties and all the issues together. Further, they argue the American policy will most likely be interpreted pursuant to Ohio law since that is where the policy was countersigned. (Citing Civ. Code, § 1646.)[4] If interpretation of the 1969 stock purchase agreement becomes necessary, as respondents con-

---

[4] Civil Code section 1646 provides: "*Law of place*. A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

tend, paragraph 7.9 of that contract specifies that it must be construed in accordance with Ohio law. According to respondents, the efficient use of judicial resources compels a stay of this action until resolution of the pending district court actions.

The Ohio actions have no bearing on this case argues Celotex, because the issues in those actions are not the same as those raised in this action. The Ohio actions pending at the time this action was instituted did not directly address the issue of respondents' liability for payment of asbestos related *property* damages. It was not until American filed its parallel action that the issue came before the district court. Celotex contends that respondents should not be allowed to avoid plaintiff's choice of forum simply by a filing a similar action in another forum.

If respondents had simply gone to another state and filed a similar action, Celotex's contention would have some merit. However, that is not the situation in this case. Three actions were already pending in Ohio in which the issues, though perhaps not identical, appeared to be inextricably intertwined with those in this action. As the trial court observed, the filing of the parallel action was a "smart strategy" and an "appropriate thing" for American to do. The district court had all the parties but Lloyds before it, and it had to decide related issues. The filing of the parallel action filled in the missing pieces.

Celotex insists its rights under the insurance policies are "completely independent of and from the determination of the indemnity dispute." However, Celotex fails to explain how the issues can be completely independent. Celotex's counsel at the hearing on the motion conceded that the issues would be related if Celotex prevailed on its indemnity claim and Dana then turned to the insurers and asked them to pay Celotex's claim.

The other factors Celotex relies on are not sufficiently weighty to mandate a reversal of the trial court's order. The fact that American's principal place of business is located in California or that the parties do business in California is not overriding. (See, e.g., *Hemmelgarn v. Boeing Co.* (1980) 106 Cal.App.3d 576, 588-589 [165 Cal.Rptr. 190]; *Gould, Inc. v. Health Sciences, Inc.* (1976) 54 Cal.App.3d 687, 693 [126 Cal.Rptr. 726].) Each side believes the necessary witnesses live in the state in which that side wishes to litigate. Celotex states that witnesses and documents are located at the California offices of Fireman's. Respondents state the important witnesses are present and former Dana and American employees located in Ohio and Michigan. As American notes, neither Ohio nor California appears demonstrably more convenient for prospective witnesses.

We note that the trial court granted only a stay. The trial court retains jurisdiction over this action and can, therefore, protect the interests of Celotex should the Ohio actions fail to resolve all the relevant issues. (*Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 857-858 [126 Cal.Rptr. 811, 544 P.2d 947].)

## Conclusion

The trial court's order granting the motion for a stay on the grounds of forum non conveniens is supported by substantial evidence and nothing in the record convinces us that the trial court abused its discretion.

The order of the trial court is affirmed.

Elkington, Acting P. J., and Newsom, J., concurred.

Appellant's petition for review by the Supreme Court was denied Januaray 6, 1988.